Michael W. Mitchell (MM 6310)
John Boyle (JB 0136)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10022
(212) 735-3000
*Attorneys for Plaintiff AL Solutions, Inc.*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
AL SOLUTIONS, INC.,                              :
                                                 :    08 Civ. 5515 (CM)
                         Plaintiff,              :
                                                 :
     - against -                                 :
                                                 :
                                                 :
JAMEGY, INC. a/ka/ TITAN HOLDINGS, INC.,         :
JAMEGY WV, INC. a/ka TITAN HOLDINGS WV,          :
INC.,                                            :
                                                 :
                         Defendants.             :
                                                 :
-------------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION TO REMAND

**TABLE OF CONTENTS**

                                                      **Page**

PRELIMINARY STATEMENT .................................................. 1

STATEMENT OF FACTS ...................................................... 2

ARGUMENT ................................................................. 3

I.     THE ABSENCE OF COMPLETE DIVERSITY MANDATES REMAND ........... 3

         A.     Defendants Removed Based On Alleged Diversity Jurisdiction .............. 3

         B.     Jamegy Is Inactive And Thus Its Principal Place Of Business Is West Virginia ................................................. 5

         C.     Jamegys' Own Corporate Filings Identify West Virginia As Their Principal Places Of Business ...................................... 7

         D.     The Jamegy Defendants Cannot Discharge Their Burden Of Establishing Diversity And The Case Must Be Remanded ............................ 8

II.    PLAINTIFF REQUESTS A STAY PENDING RESOLUTION OF THIS MOTION FOR REMAND ................................................ 9

CONCLUSION .............................................................. 10

# **TABLE OF AUTHORITIES**

<u>CASES</u>                                                                                                                            <u>PAGE(S)</u>

*In re AOL Time Warner, Inc.*, MDL. No. 1500, No. 02 Civ. 8853, 2003 U.S. Dist.
    LEXIS 16895 (S.D.N.Y. Sept. 23, 2003) .................................................................. 9

*Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857 (2d Cir. 1995) ............... 4

*Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 18 F. Supp. 2d 297 (E.D.N.Y.
    1998) ....................................................................................................................... 6

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996) .......... 3

*Circle Indus. USA, Inc. v. Parke Construction Group, Inc.*, 183 F.3d 105 (2d Cir.
    1999) ............................................................................................................... 4, 6, 8

*Colf v. Regeneration Techs., Inc.*, 06-CV-6604, 2007 U.S. Dist. LEXIS 2095
    (W.D.N.Y. Jan. 11, 2007) ...................................................................................... 9

*Helmsley-Spear, Inc. v. Ramfis Realty, Inc.*, 03 Civ. 8482, 2003 U.S. Dist. LEXIS
    21309 (S.D.N.Y. Nov. 24, 2003) ................................................................... 3, 4, 6, 8

*Hyatt Corp. v. Stanton*, 945 F. Supp. 675 (S.D.N.Y. 1996) ............................................ 5

*Interpetrol Bermuda, Ltd. v. Rosenwasser*, 86 Civ. 5631, 1987 U.S. Dist. LEXIS
    1484, 1987 WL 7734 (S.D.N.Y. Mar. 2, 1987) ...................................................... 6

*Kline v. Kaneko*, 685 F. Supp. 386 (S.D.N.Y. 1988) ....................................................... 5

*Land v. Dollar*, 330 U.S. 731, 67 S. Ct. 1009, 91 L. Ed. 1209 (1947) ............................ 5

*Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994) .................................... 3, 8

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ............................................... 5

*Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291 (2d Cir. 2000) .......................... 3, 8

*Murray v. Hy Cite Corp.*, 150 F. Supp. 2d 527, 529 (E.D.N.Y. 2001) .......................... 3, 9

*Pinnacle Consultants, Ltd. v. Leucadia National Corp.*, 101 F.3d 900 (2d Cir. 1996) ... 4, 6

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, No. CV-05-4294, 2006
    U.S. Dist. LEXIS 94944 (E.D.N.Y. Mar. 31, 2006) ............................................... 9

*Somlyo v. J. Lu-Rob Enterprise, Inc.*, 932 F.2d 1043 (2d Cir. 1991) .......................................... 3, 8

*Spencer Trask Software and Info. Servs., LLC v. RPost International Ltd.*,
    206 F.R.D. 367 (S.D.N.Y. 2002) ................................................................................. 9

*Vasura v. Acands*, 84 F. Supp. 2d 531, 535 (S.D.N.Y 2000) ....................................... 5

*Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*,
    933 F.2d 131 (2d Cir. 1991) ...................................................................................... 4

STATUTES                                                                                          PAGE(S)

28 U.S.C. §1332. ............................................................................................................ 1, 2, 3

28 U.S.C. §1332(c) ............................................................................................................... 4

28 U.S.C. §1441(a) ............................................................................................................... 3

28 U.S.C. § 1447(c) .............................................................................................................. 3

## PRELIMINARY STATEMENT

This action was commenced in New York State Supreme Court on May 20, 2008. It arises out of Defendants' numerous breaches of an asset purchase agreement, and related documents, pursuant to which Al Solutions, Inc. ("AL Solutions" or "Plaintiff"), purchased all of the assets of Jamegy, Inc.[1] and Jamegy WV, Inc.[2] (together "Jamegy" or the "Jamegy Defendants"). On June 18, 2008, the Jamegy Defendants removed this action to federal court, claiming that federal diversity jurisdiction exists under 28 U.S.C. §1332. (See Notice of Removal [Dkt. #1] ¶ 5).

However, as discussed below, complete diversity is absent here. Plaintiff maintains its principal place of business in West Virginia. Defendants are inactive corporations and, under well-established Second Circuit authority, their principal places of doing business are the last place where those corporations transacted their usual business: also West Virginia. Indeed, the Jamegy Defendants have themselves identified West Virginia as their principal places of doing business in the corporate records they maintain with the Oregon Secretary of State – records that were recently reviewed and amended by the Defendants. Accordingly, complete diversity is lacking and this case must be remanded.

Plaintiff served its initial discovery requests concurrently with the filing of its complaint. Upon removal, this matter became subject to the Federal Rules which govern disclosure and this Court has mandated that the parties attempt to agree on a scheduling order before July 28, 2008.

---

[1]   On or about January 18, 2007, Jamegy Inc. changed its name to Titan Holdings, Inc. (See Notice of Removal [Dkt. #1] ¶ 4).

[2]   On or about January 16, 2007, Jamegy WV, Inc. changed its name to Titan Holdings WV, Inc. (See Notice of Removal [Dkt. #1] ¶ 4).

1

Since negotiating a scheduling order, and commencing discovery in this proceeding will entail substantial time and expense, and will not govern in the event that this matter is remanded, Plaintiff respectfully requests that the Court order a stay pending resolution of this motion.

## STATEMENT OF FACTS

As alleged in the Complaint, Jamegy was founded in 1991 and grew to become a leading producer of titanium alloying products used primarily by the aluminum industry. (Cmpl. ¶ 14).[3] In December 2006, all of Jamegy's assets were sold to the Plaintiff pursuant to an Asset Purchase Agreement and other related documents. (Cmpl. ¶¶ 1, 34). The purchase price paid by the Plaintiff to the Defendants for the purchase of Jamegy exceeded $65 million. (Cmpl. ¶ 2).

After the closing of the sale, Plaintiff learned that the Defendants had breached numerous material representations and warranties that they had made in the APA and related documents regarding: (1) the availability of the raw materials necessary to manufacture Jamegy's principal product; (2) Jamegy's relationship with its suppliers; (3) Jamegy's relationship with its customers; (4) the conformity of its principal product to its existing specifications; and (5) its ongoing business practices. (*See* Cmpl. ¶ 7).

On May 20, 2008, Plaintiff filed suit in New York State Supreme Court seeking to recover more than $10,000,000 in damages sustained as a result of Defendants' numerous breaches. On June 18, 2008, Defendants removed this action, claiming that this Court has original jurisdiction under 28 U.S.C. § 1332. (*See* Notice of Removal [Dkt. #1] ¶ 5).

---

[3]   A copy of the state court Complaint filed by Plaintiff is attached as Exhibit A to Defendants' Notice of Removal [Dkt. #1].

# ARGUMENT

## I. THE ABSENCE OF COMPLETE DIVERSITY MANDATES REMAND

Under 28 U.S.C. §1441(a), a defendant may only remove an action initially commenced in state court to federal court *if* it is an action over which the federal court has original jurisdiction. *Id.* Once removed, the defendant bears the burden of establishing the basis for federal jurisdiction and all doubts as to jurisdiction are resolved against removal. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Helmsley-Spear, Inc. v. Ramfis Realty, Inc.*, No. 03 Civ. 8482, 2003 U.S. Dist. LEXIS 21309, at *8 (S.D.N.Y. Nov. 24, 2003); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991).

Where, as here, an action so removed lacks a basis for federal jurisdiction, it is subject to remand. *See* 28 U.S.C § 1447(c); *Murray v. Hy Cite Corp./Royal Prestige*, 150 F. Supp. 2d 527, 529 (E.D.N.Y. 2001) (case that has been removed other than in accordance with the requirements of the removal statute should be remanded to state court).

### A. *Defendants Removed Based On Alleged Diversity Jurisdiction*

Defendants removed the instant action based on their claim that this Court has jurisdiction over this action "because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs." (Notice of Removal [Dkt. #1] ¶ 5).

It is axiomatic that federal courts only have diversity jurisdiction where there is complete diversity between the parties – that is, where all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467,

3

136 L. Ed. 2d 437 & n.3 (1996) (noting that under the "complete diversity" rule, diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 861 (2d Cir. 1995) ("well established that for a case to come within the diversity statute there must be complete diversity among all parties; that is, no plaintiff and no defendant may be citizens of the same state.").

For the sake of evaluating diversity, a corporation is deemed a citizen of *both* its state of incorporation and the state where it has its principal place of doing business. *See* 28 U.S.C. § 1332(c). In their Notice of Removal, Defendants claim that they are corporations incorporated in the state of Oregon "with their principal places of business in Portland, Oregon." (Notice of Removal [Dkt. #1] ¶ 4). This is not so.

Under well-established Second Circuit authority, when a corporation is inactive at the time a lawsuit is filed, such as the Defendants here, the corporation's principal place of business is deemed to be the last place that it actively conducted its business. *See Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.* 183 F.3d 105, 108 (2d Cir. 1999); *Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp.*, 101 F.3d 900, 907 (2d Cir. 1996); *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 141 (2d Cir. 1991); *see also Helmsley-Spear*, 2003 U.S. Dist. LEXIS 21309, at *7.

As discussed below, the Jamegy Defendants were inactive at the time the Complaint was filed and both Defendants last conducted business in West Virginia. Accordingly, for the sake of determining the propriety of diversity jurisdiction, both Defendants are citizens of Oregon *and* West Virginia. Since Plaintiff is also a citizen of West Virginia (*see* Boyle Decl. ¶ 5 and Notice

of Removal [Dkt. #1] ¶ 3),[4] complete diversity is lacking and this matter must be remanded to state court.

### B.  *Jamegy Is Inactive And Thus Its Principal Place Of Business Is West Virginia*

The Jamegy Defendants were inactive at the time that the Complaint was filed,[5] and indeed, remain inactive today.  Specifically, the Jamegy Defendants do not maintain any active corporate offices and do not have any employees, except for the president Devin Megy.  (Boyle Decl. ¶ 17).[6]  Notably, the Defendants are not engaged in developing, manufacturing or selling any products or any active business activities, nor are they permitted to do so under the express terms of the Asset Purchase Agreement.  (Boyle Decl. ¶ 18).  Thus the Defendants have no ongoing business operations anywhere, much less Oregon.[7]  Indeed, as initially represented by

---

[4]  The Declaration of John Boyle in Support of Plaintiff's Motion to Remand (the "Boyle Decl.") has been filed concurrently with Plaintiff's Motion to Remand and this Memorandum of Law.

[5]  Diversity is tested as of the time the action was commenced. *See Vasura v. Acands*, 84 F. Supp. 2d 531, 535 (S.D.N.Y 2000).

[6]  In evaluating whether or not original jurisdiction exists, the court may go beyond the pleadings to ascertain the existence, or lack, of original federal jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4, 67 S. Ct. 1009, 1011 n.4, 91 L. Ed. 1209 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist"); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (when resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings); *Hyatt Corp. v. Stanton*, 945 F. Supp. 675, 679 (S.D.N.Y. 1996) (deciding whether removal is appropriate, district judge "may resolve disputed jurisdictional fact issues . . . and may rely on affidavits as well as the pleadings'") (alteration in original)(quoting *Kline v. Kaneko*, 685 F. Supp 386, 389 (S.D.N.Y. 1988).

[7]  Nor does it appear that the Jamegy Defendants have any substantial assets in Oregon, as their only remaining cash assets are located in Pennsylvania. (Boyle Decl. ¶ 18).

Jamegy's counsel, the Jamegy Defendants are simply waiting for a resolution on any potential escrow payments that may be due under the Asset Purchase Agreement – the matter at issue in this action – before winding up their businesses. (Boyle Decl. ¶ 15). These facts clearly establish that the Jamegy Defendants are inactive corporations.

A corporation that is not engaged in activities that go toward "the furtherance of the corporation" is "inactive." *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 18 F. Supp. 2d 297, 303 n.6 (S.D.N.Y. 1998), *citing, Pinnacle Consultants*, 101 F.3d at 907, n.5; *see also Circle Indus. USA, Inc.*, 183 F.3d at 108 (finding that a corporation was inactive and not transacting business for diversity purposes where it is winding down its affairs, collecting mail and accounts receivable, and defending itself from a lawsuit); *Interpetrol Bermuda, Ltd. v. Rosenwasser*, No. 08 Civ. 5631, 1987 U.S. Dist. LEXIS 1484, at *5, 1987 WL 7734 *1-2 (S.D.N.Y. March 2, 1987) (corporation is inactive where it "has not generated revenue, entered contracts, or employed paid personnel for a period of years").

The fact that one of Jamegy's remaining officers presently lives in Oregon and purportedly receives the Defendants' mail there does not amount to the transaction of business in Oregon and therefore does not impact the Defendants' citizenship for determining diversity. *See Circle Industries USA, Inc.*, 183 F.3d at 108 (finding that corporation was inactive and that, although the defendant's sole officer and director resided in New York and received the corporation's mail there, "these contacts do not alter [the defendant's] citizenship because it is not transacting business through these activities"); *Helmsley-Spear, Inc.*, 2003 U.S. Dist. LEXIS 21309, at *7 ("basing corporate citizenship solely on the residence of a single corporate officer would conflate and disregard corporate form").

6

In fact, as Defendants' counsel has acknowledged, the Defendants are virtually barred from engaging in any ongoing active business activities by the very terms of the Asset Purchase Agreement at issue in this action. (See Boyle Decl. ¶ 18). That agreement prohibits the Jamegy Defendants from engaging in any competitive business with the Plaintiff for a period of ten years. (See APA ¶ 5.1, filed herein with the Notice of Removal [Dkt. #1] as an exhibit to the Complaint).

C. *Jamegys' Own Corporate Filings Identify West Virginia As Their Principal Places Of Business*

Any claim by the Jamegy Defendants that their principal places of business are in Oregon is completely undercut by their own Oregon corporate filings. Therein, both Jamegy Defendants identify West Virginia as their principal place of business. (Boyle Decl. ¶¶ 8-12 and Exhibits A, B, C and D thereto). For example, in the records on file with the Oregon Secretary of State as of January 7, 2008, Titan Holdings, Inc. (the entity previously known as Jamegy, Inc.) identified its principal place of business as West Virginia and provided a West Virginia mailing address. (Boyle Decl. ¶ 8, Ex. A).

Similarly, in its records, Titan Holdings WV, Inc. (the entity previously known as Jamegy, WV, Inc.) also identified its principal place of business in West Virginia. (Boyle Decl.¶ 10, Ex. B). Titan Holdings WV, Inc. also provided a West Virginia mailing address, and West Virginia addresses for two of its officers. (Boyle Decl.¶ 10, Ex. B).

Notably, it appears that these records were recently updated by the Jamegy Defendants sometime between January 7, 2008 and July 2, 2008, to make some revisions, but that both Defendants express identification of West Virginia as their principal place of business remained

7

unchanged. (Boyle Decl. ¶¶ 11-12, Exs. C and D).

Moreover, that Defendants have filed different address information with the West Virginia Secretary of State in which they have identified an Oregon post office box as their "principal office address," (see Boyle Decl. ¶ 13, Exs. E and F), is actually supportive of Plaintiff's position. The maintenance of a post office box certainly does not suggest that the Jamegy Defendants are engaged in any ongoing, active business in Oregon. *See Circle Indus. USA, Inc.*, 183 F.3d at 108. Conversely, the fact that the Jamegy Defendants maintained their "doing business as" filings in the State of West Virginia supports the ongoing relationship between those corporations and West Virginia. Accordingly, these facts, taken together with the stark admissions made in their Oregon business records and Defendants' lack of any active business transactions in Oregon, establish clearly that, under controlling Second Circuit authority, Defendants principal place of business for diversity purposes was and remains West Virginia.

**D.     *The Jamegy Defendants Cannot Discharge Their Burden Of Establishing Diversity And The Case Must Be Remanded***

As the party seeking removal, the Jamegy Defendants bear the burden of establishing the existence of federal jurisdiction. *See Mehlenbacher*, 216 F.3d at 296; *Helmsley-Spear, Inc.*, 2003 U.S. Dist. LEXIS 21309, at *8. In evaluating whether or not Jamegy has discharged this burden, all doubts as to the propriety of removal are to be resolved *against* removability. *See Lupo*, 28 F.3d at 274; *see also Somlyo*, 932 F.2d at 1046 (noting that courts "construe the removal statute narrowly, resolving any doubts against removability").

It is a burden that the Jamegy Defendants cannot meet. To the contrary, the facts

establish that the Jamegy Defendants were inactive when the Complaint was filed, that their last business had been transacted in West Virginia, and that even their own corporate records in Oregon support the conclusion that the Jamegy Defendants principal places of business are in West Virginia. Accordingly, because complete diversity is lacking, this matter must be remanded.

## II. PLAINTIFF REQUESTS A STAY PENDING RESOLUTION OF THIS MOTION FOR REMAND

"[T]he law is well settled that district courts have broad discretion to stay discovery upon a showing a good cause." *In re AOL Time Warner, Inc.*, MDL. No. 1500, No. 02 Civ. 8853, 2003 U.S. Dist. LEXIS 16895, at *2-3 (S.D.N.Y. Sept. 23, 2003), *citing* Fed. R. Civ. P. 26(c); *see Murray*, 150 F. Supp. 2d at 530 (Magistrate Judge granted a stay of discovery pending the outcome of the motion for remand); *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, No. CV-05-4294, 2006 U.S. Dist. LEXIS 94944, at *4 (E.D.N.Y. March 31, 2006) (stay granted during pendency of motion to dismiss for lack of jurisdiction).

That discretion is properly exercised where a stay will help to conserve judicial resources, avoid duplicative litigation, and prevent hardship and inequity to the parties. *Colf v. Regeneration Techs., Inc.*, No. 06-CV-6604, 2007 U.S. Dist. LEXIS 2095, at *1-2 (W.D.N.Y. Jan. 11, 2007) (granting stay during pendency of motion to transfer). Stays are also favored where the stay sought is for a short period of time and the opposing party will not be prejudiced by the stay. *Spencer Trask Software and Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

Defendants cannot show that any prejudice will result from a brief stay of discovery

pending resolution of this motion. Compelling the parties to comply with the Federal Rules, as well as this Court's discovery mandates, during the pendency of this motion will subject both parties to unnecessary time and expense, as those rules will not govern the state court action upon remand.

Granting a stay here, where the Plaintiff has submitted a well-founded motion for remand will avoid duplicative litigation. Accordingly, Plaintiff respectfully requests that this Court exercise its discretion to stay discovery pending resolution of this motion.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this matter be remanded to state court due to the absence of complete diversity. While this motion is pending, Plaintiff respectfully requests that this Court stay discovery so as to avoid unnecessary and duplicative litigation.

Dated: July 8, 2008

                                        Respectfully submitted,

                                        /s/ John Boyle
                                        Michael W. Mitchell (MM 6310)
                                        John Boyle (JB 0136)
                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                        Four Times Square
                                        New York, New York 10022
                                        (212) 735-3000
                                        *Attorneys for Plaintiff AL Solutions, Inc.*