UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
AL SOLUTIONS, INC.,                   :

      Plaintiff,                   :

vs.                                   :   Case No. 08 CIV 5515 (CM)

JAMEGY, INC. a/k/a TITAN HOLDINGS,    :
INC. and JAMEGY WV, INC. a/k/a TITAN
HOLDINGS WV, INC.,                    :

      Defendants.                  :
------------------------------------- X

### DECLARATION OF JOSEPH J. SAMARIAS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

I, Joseph J. Samarias, hereby declare:

    1.    I am Counsel to the law firm Cooley Godward Kronish LLP and am one of the attorneys representing defendant Titan Holdings, Inc., formerly known as Jamegy, Inc., and defendant Titan Holdings WV, Inc., formerly known as Jamegy WV, Inc. (collectively, the "Defendants") in the above-captioned matter.

    2.    I submit this Declaration in support of Defendants' Opposition to Plaintiff's Motion to Remand [Docket No. 6].

    3.    On May 20, 2008, Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York. *See* Complaint (attached as Ex. A to Defendants' Notice of Removal [Docket No. 1]).

    4.    On June 18, 2008, Defendants removed this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1441(b). *See* Notice of Removal [Docket No. 1] ¶5.

5. On June 23, 2008, I conferred with John Boyle, counsel for Plaintiff, regarding the preparation of a joint stipulation regarding the timing for Defendants to answer, move, or otherwise respond to Plaintiff's Complaint. During that call, Mr. Boyle raised a question regarding Defendants' principal places of business based on certain information he had located on the Oregon Secretary of State's website. Mr. Boyle asked that I review this information and confirm that the principal place of business of both Defendants remained in Portland, Oregon.

6. On June 25, 2008, I had a follow up conversation with Mr. Boyle in which I confirmed my understanding that although the Defendants were no longer engaged in manufacturing, selling, marketing or licensing alloying products, process technologies and services for the aluminum industry, they remained fully active corporate entities with their principal places of business in Portland, Oregon.

7. With respect to the information listed on the Oregon Secretary of State's website identified by Mr. Boyle, I noted that such information was incorrect to the extent it listed "100 South Chester St., New Cumberland, WV 26047" as the Defendants' principal places of business. The manufacturing facility that Plaintiff acquired pursuant to the parties' Asset Purchase Agreement is located at that address, and it is my understanding that Plaintiff alone has operated that facility since late December 2006.

8. Mr. Boyle apparently remained unconvinced that the Defendants' principal places of business was Portland, Oregon. Mr. Boyle asked that I provide him with additional detail by Monday, June 30, 2008 or Plaintiff would file a motion to remand.

9. On June 30, 2008, I once again spoke to Mr. Boyle. During that conversation, I informed Mr. Boyle: (1) that Defendants' offices are located at 1001 NW

Lovejoy Unit 705, Portland, Oregon; (2) that Defendants' sole employee and executive officer is located in Portland, Oregon; (3) that managerial decisions of the Defendants are made in Portland, Oregon; (4) that the Defendants' corporate books and records are located in Portland, Oregon; and (5) that the Defendants' official mail is sent to Portland, Oregon. I also referenced certain provisions of the APA, which detailed Defendants' retained liabilities and post-closing contractual obligations.

10. On July 8, 2008, Plaintiff filed a motion seeking remand of this action to the Supreme Court of New York, County of New York. *See* Motion to Remand [Docket No. 6]. In support of that motion, Mr. Boyle filed a declaration in which he purports to document certain conversations he had with me. *See* Declaration of John Boyle in Support of Plaintiff's Motion to Remand [Docket No. 8] (the "Boyle Declaration").

11. I have reviewed the Boyle Declaration, in which Mr. Boyle testifies as to his recollection regarding certain conversations he had with me concerning the above-captioned action. *See* Boyle Decl. ¶¶ 14-18.

12. Mr. Boyle's Declaration does not accurately reflect our conversations. Specifically, I did not inform Mr. Boyle: (1) that "the Jamegy Defendants were not engaged in any ongoing business activities, but were merely awaiting resolution of this lawsuit and payment of any final amounts due under the Asset Purchase Agreement before winding up their operations"; (2) that "neither Defendant maintains a separate corporate office in Oregon"; (3) that "Defendants have no active employees"; and (4) that the "Defendants are no longer actively transacting any of their usual corporate business and have not transact[ed] any such business in Oregon." *See* Boyle Decl. ¶¶ 15, 17-18. Although I did reference the non-competition clause in the parties' Asset Purchase Agreement during my June 30 conversation with Mr. Boyle, I did not

suggest that such clause "effectively barred" Defendants from transacting any corporate business in Oregon. *See id.* ¶ 18.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 22nd day of July, 2008 in Reston, Virginia.

                                                                   Joseph J. Samarias

370872/RE