Michael W. Mitchell (MM6310)
John Boyle (JB0136)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
*Attorneys for Plaintiff AL Solutions, Inc.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

AL SOLUTIONS, INC.,                              :
                                                 :
        Plaintiff,                               :    08 Civ. 5515 (CM)
                                                 :
  - against -                                   :
                                                 :
                                                 :    **ANSWER TO**
                                                 :    **COUNTERCLAIMS**
JAMEGY, INC. a/k/a TITAN HOLDINGS, INC.,         :
JAMEGY WV, INC. a/k/a TITAN HOLDINGS WV,         :
INC.,                                            :
                                                 :
        Defendants..                             :
-------------------------------------------------------------- x

        Plaintiff, AL Solutions, Inc. (hereinafter "AL Solutions" or "Plaintiff"), by and through its undersigned attorneys, and in response to the Counterclaims dated July 28, 2008, hereby responds as follows:

        1.     Plaintiff denies that Titan Holdings, Inc. maintains its principal place of business in Portland, Oregon, but otherwise admits, upon information and belief, that Titan Holdings, Inc. is an Oregon corporation that was previously named Jamegy, Inc.

2. Plaintiff denies that Titan Holdings WV, Inc. maintains its principal place of business in Portland, Oregon, but otherwise admits, upon information and belief, that Titan Holdings WV, Inc. is an Oregon corporation that was previously named Jamegy WV, Inc.

3. Plaintiff admits the allegations contained in Paragraph 3 of the Counterclaims.

4. Plaintiff avers that the allegations contained in Paragraph 4 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 4 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations, except to admit that the amount in controversy exceeds $75,000, and to state that a motion to remand this action to the New York State Supreme Court has been fully briefed and is before this Court.

5. Plaintiff avers that the allegations contained in Paragraph 5 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 5 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations, except to admit that on or about December 29, 2006, Plaintiff and Defendants entered into an Asset Purchase Agreement (the "APA"), which contains a choice of law provision, and to respectfully refer the Court to the APA for its complete terms.

6. Plaintiff avers that the allegations contained in Paragraph 6 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 6 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations and denies that jurisdiction is properly laid before this Court, and respectfully refers the Court to the APA for its complete terms.

7. Plaintiff avers that the allegations contained in Paragraph 7 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 7 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations and respectfully refers the Court to the APA for its complete terms.

8. Plaintiff admits the allegations contained in Paragraph 8 of the Counterclaims.

9. Plaintiff admits the allegations contained in Paragraph 9 of the Counterclaims and respectfully refers the Court to the APA for its complete terms.

10. Plaintiff admits the allegations contained in Paragraph 10 of the Counterclaims and respectfully refers the Court to the APA for its complete terms.

11. Plaintiff admits the allegations contained in Paragraph 11 of the Counterclaims and respectfully refers the Court to the Escrow Agreement for its complete terms.

12. Plaintiff avers that the allegations contained in Paragraph 12 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 12 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations, except to state that, in accordance with the terms of the APA and the Escrow Agreement, AL Solutions deposited $10 million into an escrow account with JPMorgan Chase Bank, N.A. ("JPMorgan"), under which JPMorgan also served as Escrow Agent.

13. Plaintiff denies the allegations contained in Paragraph 13 of the Counterclaims, except to admit that June 29, 2008 was the eighteen-month anniversary of the APA's Closing

Date and to state that on or about December 18, 2007, and in accordance with the APA and the Escrow Agreement, Plaintiff sent the Escrow Agent notice of its claims against the Defendants.

14. Plaintiff avers that the allegations contained in Paragraph 14 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 14 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations and respectfully refers the Court to the Plaintiff's December 18, 2007 letter for its complete terms.

15. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaims, except to state that on or about January 2, 2008, Plaintiffs received a letter from the Defendants and to respectfully refer the Court to Defendants' letter for its complete contents.

16. Plaintiff avers that the allegations contained in Paragraph 16 of the Counterclaims set forth legal conclusions to which no response is required. To the extent Paragraph 16 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations.

17. Plaintiff avers that the allegations contained in Paragraph 17 of the Counterclaims set forth legal conclusions to which no response is required and respectfully refers the Court to the APA and the Escrow Agreement for their complete terms.

18. Plaintiff avers that the allegations contained in Paragraph 18 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 18 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations.

19. Plaintiff denies the allegations contained in Paragraph 19 of the Counterclaims, except to admit that on or about May 20, 2008, Plaintiff filed a complaint in the Supreme Court of the State of New York, and to further admit that on or about June 18, 2008, Defendants removed that action to this Court, where a motion for remand has been fully submitted.

20. Plaintiff denies the allegations of Paragraph 20 of the Counterclaims, except to admit that on or about June 16, 2008, Plaintiff transmitted a copy of the May 20, 2008 complaint to the Escrow Agent and to respectfully refer the Court to the June 16, 2008 transmittal letter for its complete contents.

21. Plaintiff avers that the allegations contained in Paragraph 21 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 21 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations.

22. Plaintiff avers that the allegations contained in Paragraph 22 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 22 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations.

## AS TO THE FIRST CAUSE OF ACTION

23. Plaintiff repeats and realleges each response to Paragraphs 1 through 22, above.

24. Plaintiff avers that the allegations contained in Paragraph 24 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 24 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations.

25. Plaintiff avers that the allegations contained in Paragraph 25 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 25 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations, except to state that Defendant Jamegy WV, Inc. a/k/a Titan Holdings WV, Inc. is not a party to the Escrow Agreement.

26. Plaintiff avers that the allegations contained in Paragraph 26 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 26 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations, except to state that Defendant Jamegy WV, Inc. a/k/a Titan Holdings WV, Inc. is not a party to the Escrow Agreement.

27. Plaintiff avers that the allegations contained in Paragraph 27 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 27 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations, except to state that Defendant Jamegy WV, Inc. a/k/a Titan Holdings WV, Inc. is not a party to the Escrow Agreement.

## AS TO THE SECOND CAUSE OF ACTION

28. Plaintiff repeats and realleges each response to Paragraphs 1 through 27, above.

29. Plaintiff avers that the allegations contained in Paragraph 29 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 29 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations, except to state that Defendant Jamegy WV, Inc. a/k/a Titan Holdings WV, Inc. is not a party to the Escrow Agreement.

30. Plaintiff avers that the allegations contained in Paragraph 30 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 30 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations, except to state that Defendant Jamegy WV, Inc. a/k/a Titan Holdings WV, Inc. is not a party to the Escrow Agreement.

31. Plaintiff avers that the allegations contained in Paragraph 31 of the Counterclaims are legal conclusions to which no response is required. To the extent Paragraph 31 of the Counterclaims may be deemed to contain factual allegations for which a response is required, Plaintiff denies the allegations, except to state that Defendant Jamegy WV, Inc. a/k/a Titan Holdings WV, Inc. is not a party to the Escrow Agreement.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred because the Defendants have failed to satisfy the conditions precedent.

## THIRD AFFIRMATIVE DEFENSE

Defendant Jamegy WV, Inc.'s (a/k/a Titan Holdings WV, Inc.'s) Counterclaims are barred because it was not a party to the Escrow Agreement and therefor lacks standing to bring any claims.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred because Defendants have not suffered any damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred because Plaintiff has not breached any duties or obligations, if any were owed, to the Defendants.

## SIXTH AFFIRMATIVE DEFENSE

At all times, Plaintiff's actions were justified and were taken in good faith and for a proper and lawful purpose and in accordance with all relevant agreements.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are time barred.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by their breaches of the APA

## TENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the terms of the APA and/or the Escrow Agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff intends to rely upon such other and further defenses that may become available or apparent during pre-trial proceedings or at trial in this action, and hereby reserves it rights to amend its answer to assert any such additional defenses.

WHEREFORE, the Plaintiff, AL Solutions, Inc., respectfully requests that the Court enter judgment in its favor on the Counterclaims as follows:

  A. That the Court shall dismiss the Defendants' Counterclaims with prejudice and deny Defendants any and all relief;

  B. That the Court shall award the Plaintiff its attorneys fees and costs of suit; and

  C. That this Court allow such other and further relief to the Plaintiff as the Court deems just and proper.

Dated: August 20, 2008
   New York, New York

            Respectfully submitted,

            SKADDEN, ARPS, SLATE,
             MEAGHER & FLOM LLP


            By: */S/ JOHN BOYLE*
            Michael W. Mitchell (MM6310)
            John Boyle (JB0136)
            Four Times Square
            New York, New York 10036
            (212) 735-3000
            michael.mitchell@skadden.com
            john.boyle@skadden.com

            *Attorneys for Plaintiff AL Solutions, Inc.*

**CERTIFICATE OF SERVICE**

       I, John Boyle, hereby certify that on August 20, 2008, I caused true and correct copies of AL Solutions, Inc.'s ANSWER TO COUNTERCLAIMS to be served by email and ECF by sending copies of the same to Defendants' counsel listed below:

    Maxine Gail Sleeper
    Cooley Godward Kronish LLP
    1114 Avenue of the Americas
    New York, NY  10036
    (212) 479-6058
    msleeper@cooley.com

    Hans Harris Chen
    hchen@cooley.com
    Robert R. Vieth
    rvieth@cooley.com
    Joseph J. Samarias
    jsamarias@cooley.com
    Cooley Godward Kronish LLP
    One Freedom Square
    Reston Town Center
    11951 Freedom Drive
    Reston, VA 20190-5656
    (703) 456-8000

                                                      */s/   John Boyle*
                                                        John Boyle